**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHRIS CARLTON WARD | : | |
| | : | |
| Appellant | : | No. 1361 MDA 2025 |

Appeal from the Judgment of Sentence Entered September 3, 2025
In the Court of Common Pleas of Franklin County Criminal Division at
No(s): CP-28-CR-0000774-2024

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHRISTOPHER CARLTON WARD | : | |
| | : | |
| Appellant | : | No. 1362 MDA 2025 |

Appeal from the Judgment of Sentence Entered September 3, 2025
In the Court of Common Pleas of Franklin County Criminal Division at
No(s): CP-28-CR-0001059-2024

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHRISTOPHER CARLTON WARD | : | |
| | : | |
| Appellant | : | No. 1363 MDA 2025 |

Appeal from the Judgment of Sentence Entered September 3, 2025
In the Court of Common Pleas of Franklin County Criminal Division at
No(s): CP-28-CR-0001254-2024

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHRISTOPHER CARLTON WARD | : | |
| | : | |
| Appellant | : | No. 1364 MDA 2025 |

Appeal from the Judgment of Sentence Entered September 3, 2025
In the Court of Common Pleas of Franklin County Criminal Division at
No(s): CP-28-CR-0001255-2024

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHRISTOPHER CARLTON WARD | : | |
| | : | |
| Appellant | : | No. 1365 MDA 2025 |

Appeal from the Judgment of Sentence Entered September 3, 2025
In the Court of Common Pleas of Franklin County Criminal Division at
No(s): CP-28-CR-0001607-2024

BEFORE: BECK, J., NEUMAN, J., and BENDER, P.J.E.

JUDGMENT ORDER BY BENDER, P.J.E.: **FILED: APRIL 28, 2026**

Christopher Carlton Ward ("Ward") appeals from the judgments of sentence imposed by the violation of probation ("VOP") court following the revocation of his probation. We vacate and remand for resentencing.

The parties agree that our decision in **Commonwealth v. Goodwin**, ___ A.3d ___, 2026 WL 775409 at *8 (Pa. Super. filed March 19, 2026), which was issued after the parties submitted their briefs, compels us

to vacate the judgment of sentence and remand for further proceedings.[1]  We agree the sentence is illegal.  *See Commonwealth v. Brown*, 196 A.3d 130, 147 (Pa. 2018) (setting forth general rule that appellate courts "refuse[] to act on concessions of error without conducting appropriate judicial review").

On January 29, 2025, Appellant entered a global guilty plea to resolve the five criminal dockets listed in the caption and received an aggregate sentence of 24 months of probation.  On April 25, 2025, the VOP court found that Appellant violated his probation.  *See* Order, 4/25/25 (single page).  This was his first technical violation.  *See Commonwealth v. Oglesby*, ___ A.3d _____, 2026 WL 847717 (Pa. Super. filed March 27, 2026) (holding that a prior violation may count for the penalty scheme only if "accompanied by a judicial finding that the probationer committed a violation").  The VOP court later resentenced Appellant to the same aggregate sentence of 24 months of probation.

Subsequently, the VOP court found Appellant in violation of a litany of technical violations at a single violation hearing, and, on September 3, 2025,

---

[1] On April 20, 2026, the Commonwealth filed an application to file a supplemental brief, stating it "can no longer, in good faith, rely upon the arguments set forth in its brief" due to *Goodwin*.  Application, 4/20/26, at ¶ 7.  The Commonwealth now "takes the position that the judgments of sentence imposed … must be vacated and this case must be remanded[.]" *Id.*, ¶ 8.  The Commonwealth stated Appellant's counsel "is not opposed to the requested relief," **and** "requests that this Honorable Court enter an order dismissing Appellant's appeal." *Id.*, ¶ 10.  We thank the Commonwealth for its candor.  Due to our disposition, we DENY AS MOOT the Commonwealth's application to the extent it requests permission to file a supplemental brief.

revoked his probation and resentenced him to an aggregate period of 2 to 4 years of incarceration.

Resolving this appeal involves applying the amendments to 42 Pa.C.S. § 9771, the statute governing revocation of probation. This Court, sitting *en banc,* issued **Commonwealth v. Seals**, ___ A.3d ____, 2026 WL 739101 (Pa. Super. filed Feb. 19, 2026) (*en banc*), and explained that following these amendments, (1) a VOP court must first find the Commonwealth has overcome the statutory presumption against total confinement, and (2) sentence the violator in accordance with the penalty scheme established by Section 9771(c)(2)(i-iii), which, as relevant here, allows for a period of incarceration exceeding thirty days only if the offender has committed "a third or subsequent technical violation[.]" 42 Pa.C.S. § 9771(c)(2)(iii).

In the interest of judicial economy, we address the second consideration.[2] In **Goodwin**, we held that a VOP court could not deem three separate technical violations under Section 9771(c)(1)(iii)(F), adjudicated at one hearing, as qualifying as a first, second, and third violation for purposes of the penalty scheme. "Because the legislature clearly intended the statute at issue to reflect a recidivist philosophy, we agree with Goodwin it would be an absurd and unintended result to allow the VOP court in effect to give

---

[2] Appellant also argues that the statutory conditions for overcoming the presumption against confinement for technical violations were not met. **See** Appellant's Brief at 25-28. Because we conclude Appellant was sentenced beyond the applicable statutory maximum and has already served more than that period, whether Appellant is correct on this point is irrelevant.

Goodwin three separate maximum sentences at the same, first hearing on his multiple, technical probation violations." **Goodwin**, 2026 WL 775409*.* at *8. That is what occurred here. **See** VOP Court Opinion, 12/17/25, at 7 ("[P]ursuant to (c)(1)(iii)(F), the technical violation involved an intentional and unexcused failure to adhere to … conditions on three or more separate occasions…. As such, having concluded that [Appellant] committed three technical violations, we can avail ourselves of the sentencing options pursuant to § 9771(c)(2)(iii)."). The court erred in this regard. This was Appellant's second technical violation, and the sentence exceeded the thirty-day maximum authorized by 42 Pa.C.S. § 9771(c)(2)(ii). Therefore, we vacate and remand for resentencing.

Judgment of sentence vacated. Case remanded with instructions. Jurisdiction relinquished.


Judgment Entered.


_____
Benjamin D. Kohler, Esq.
Prothonotary


Date: 4/28/2026